UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**SUNOPTIC TECHNOLOGIES, LLC, a Florida Limited Liability Company,**

  Plaintiff,

v.                 CASE NO. 3:08-cv-878-J-16JRK

**INTEGRA LUXTEC, INC., a Massachusetts corporation; COHERENT SLT, LTD, a foreign company; and DAVID M. LEVY, individually,**

  Defendants**.**
            /

## ORDER

Sunoptic Technologies, LLC, ("Sunoptic") brought suit against Integra Luxtec, Inc., ("Luxtec"), Coherent-STL, Ltd, ("Coherent") and David M. Levey in connection with a distribution agreement between Coherent and Sunoptic. (Dkt. 3.) Sunoptic brought suit against Coherent and Levey for breach of contract, fraud, breach of fiduciary duty, and negligent misrepresentation. Sunoptic brought suit against Coherent, Luxtec, and Levey for civil conspiracy and for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Each of the defendants have moved individually to dismiss. (Dkts. 11, 12, 19.) Sunoptic responds and opposes the motions to dismiss. (Dkts. 24, 25.)

**I. Background**

Sunoptic asserts in the general allegations of the complaint that after negotiation with Levey, Sunoptic entered into a contract with Coherent for Levey to serve as the exclusive distributor of Sunoptic products in Scotland, Wales, England, and Northern Ireland (the "geographic area"). The

distribution contract provided that Coherent was to purchase a minimum of $200,000.00 worth of Sunoptic products in the first year. Sunoptic asserts that Coherent failed to perform under the contract because Coherent ordered only $17,658.00 worth of Sunoptic products and failed to pay the full balance due. Sunoptic further asserts that the entire contract was actually a fraudulent scheme devised by Luxtec, a competitor in the geographic area, and executed by Levey and Coherent to "destroy Sunoptic's presence in the market in the [geographic area] and to eliminate competition for Luxtec." Sunoptic asserts that Coherent was an "undercapitalized shell corporation" created to protect Levey from "individual liability for his fraudulent and tortious behavior."

Levey moves to dismiss count I, which alleges breach of contract. Coherent, Levey, and Luxtec each move to dismiss count II, which alleges a violation of the FDUTPA, and count V, which alleges civil conspiracy. Coherent and Levey both move to dismiss count III, which alleges fraud,[1] count IV, which alleges breach of fiduciary duty, and count VI, which alleges negligent misrepresentation.

## II. Discussion

The recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. ----, 127 S.Ct. 1955, --- L.Ed.2d ---- (2007) raised the once very low bar to survive a motion to dismiss. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."). Pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough

---

[1] Luxtec also moves to dismiss the fraud claim. However, Sunoptic's complaint fails to assert fraud against Luxtec. Accordingly, Luxtec's motion to dismiss the fraud claim will be **DENIED AS MOOT**.

to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S.Ct. at 1965.

**Breach of Contract**

Levey moves to dismiss the breach of contract claim asserted against him and argues that, because Levey was not a party to the distribution agreement, Levey cannot be liable for breach of contract. (Dkt. 12.) Sunoptic opposes the motion and argues that breach of contract against Levey is possible because Sunoptic seeks to pierce Coherent's corporate veil because Coherent was merely an alter ego to protect Levey from individual liability. To support a claim to pierce the corporate veil, Sunoptic must allege that Levey dominated and controlled Coherent to such an extent that the corporation's independent existence was in fact non-existent, that the corporate form was used fraudulently or for an improper purpose, and that fraudulent or improper use of the corporate form caused injury. Harbaugh v. Greslin, 463 F.Supp.2d 1315 (S.D. Fla. 2006).

Although poorly drafted and providing only the minimum facts permitted by pleading standards to survive a motion to dismiss, the plaintiff sufficiently states a claim for breach of contract against Levey--even under the Twombly standard. See Bell Atlantic Corp. v. Twombly, 550 U.S. ----, 127 S.Ct. 1955, --- L.Ed.2d ---- (2007). Accordingly, Levey's motion to dismiss the breach of contract claim will be **DENIED**.

**Claims sounding in Fraud - Violation of the FDUTPA, Fraud, and Negligent Misrepresentation**

Coherent, Levey, and Luxtec each argue that the complaint fails to plead fraud with the requisite particularity and, thus, any claim sounding in fraud must fail. Like fraud, a claim pursuant to the FDUTPA and a claim asserting negligent misrepresentation must each meet the heightened pleading standard under Rule 9(b), Federal Rules of Civil Procedure. Wrestlereunion, LLC v. Live

3

Nation Television Holdings, Inc., 2008 WL 3048859 *3 (M.D. Fla. Aug. 4, 2008) (requiring FDUTPA claims to meet the heightened pleading requirements of Rule 9(b)); Fla. Digital Network, Inc. v. N. Telecom, Inc., 2006 WL 2523163 *5 (M.D. Fla. Aug. 30, 2006) (claims pursuant to FDUTPA must be plead with particularity); Baily v. Janssen Pharmaceutica, Inc., 2006 WL 3665417 *7 (S.D. Fla. Nov. 14, 2006) ("Negligent misrepresentation, like fraud, must also be pled with specificity."); Souran v. Travelers Ins. Co., 982 F.2d 1497, 1551 (11th Cir. 1993) ("action for negligent misrepresentation sounds in fraud rather than negligence.").

To demonstrate a negligent misrepresentation claim, Sunoptic must demonstrate that the defendants made a false statement concerning a material fact, that, in the exercise of reasonable care under the circumstances, the defendants were negligent in making the statement because they should have known the statement was false, that the defendant intended that Sunoptic would rely on the false statement, that Sunoptic reasonably and justifiably relied on the false statement, and that Sunoptic suffered damages as a result. Chandler v. Van Dyke Farm Homeowners, 2003 WL 21639021 *2 (Fla. Cir. Ct. Jun. 4, 2003).

Pursuant to the heightened pleading standard, the elements of each of these causes of action must be plead with the particularity required by Rule 9(b). "Particularity requires identifying the representation of fact and how the representation is false." Batlemento v. Dove Fountain, Inc., 593 So.2d 234, 238 (Fla. App. 1991) (citing Gordon v. Etue, Wardlaw & Co. P.A., 511 So.2d 384 (Fla. 1st DCA 1987)); Reina v. Gingerale Corp., 472 So. 2d 530, 531–32 (Fla. 3d DCA 1985) (finding that plaintiff must allege fraud by a clear and concise statement of the underlying facts and not merely conclusions or ultimate facts).

4

**The General Allegations**

The complaint's general allegations lack any particularized factual assertion to support either fraud, a violation of FDUTPA, or negligent misrepresentation. The general allegations describe the circumstances surrounding the parties' entering the distribution agreement and the dissolution of the distribution agreement. After describing the failure of the agreement, the complaint asserts bare allegations unsupported by specific facts that Levey and Luxtec devised a scheme to intentionally induce Sunoptic to enter into the distribution agreement with Coherent to perpetrate a fraud on Sunoptic and to "destroy Sunoptic's presence in the [geographic area] and to eliminate competition for Luxtec." However, the allegations imputing an improper or fraudulent purpose to the defendants contain no specific fact and are often bare assertions of belief based insufficiently "upon information and belief." The general allegations contain no facts describing the how the fraud was perpetrated.

Sunoptic concedes in its response to Coherent's and Levey's motions to dismiss that the general allegations fail to "even allege the specific misrepresentations made by the Defendants." Sunoptic's general allegations assert nothing more than Sunoptic's belief that any breach of contract by Coherent resulted from a fraudulent scheme concocted by Luxtec to avoid competition in the geographic area. Sunoptic's general allegations provide no particularized fact to impute to the defendants any fraudulent or improper purpose and thus do not satisfy Rule 9(b).

**The Specific Allegations**

Like the general allegations, the specific allegations fail to plead with particularity. The fraud claim and negligent misrepresentation claim are each based on the following "misrepresentations" attributed to Levey and Coherent:

5

a) That Levey was working exclusively for Sunoptic to distribute its products;

b) That Levey and Coherent would use their best efforts to sell Sunoptic's products; and

c) That Levey and Coherent would furnish proper services of accounts in order to maintain the goodwill of the products.

Other than the recitation of the remaining elements of the claim, including that the defendants knew or should have known that the misrepresentations were false, that the defendants acted willfully, wantonly, and deliberately, and that Sunoptic acted in reliance of the misrepresentations, neither the fraud allegations nor the negligent misrepresentation allegations contain further factual allegation demonstrating either claim.

In Florida, to establish a claim for law fraud, Sunoptic must demonstrate that the defendants (1) knowingly (2) made a false statement of fact (3) for the purpose of inducing Sunoptic's reliance on the false statement and that (4) Sunoptic relied on the false statement (5) to Sunoptic's detriment. Pafumi v. Davidson, 2007 WL 1729969 *3 (S.D. Fla. Jun. 14, 2007). Generally, Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir.2001) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir.1997)). "A plaintiff must allege fraud with sufficient particularity to permit the person charged with fraud . . . to have a reasonable opportunity to answer the complaint and adequate information to frame a response." Leisure Founders, Inc. v. CUC Int'l, Inc., 833 F.Supp. 1562, 1574

(S.D.Fla.1993) (internal quotations and citation omitted). The allegations in the fraud claim provide none of the information to satisfy Rule 9(b)'s particularity requirement.

To establish a claim under the FDUTPA, Sunoptic must demonstrate (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. City First Mortg. Corp. v. Barton, 988 So.2d 82, 86 (Fla. App. 2008) (citing Rollins, Inc. v. Butland, 951 So.2d 860, 869 (Fla. 2d DCA 2006)). To meet the particularity requirement, Sunoptic must allege "sufficient facts to show [it] was actually aggrieved by an unfair or deceptive act committed by the seller in the course of trade or commerce." Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems U.S.A., 2005 WL 975773 (S.D. Fla. Mar. 4, 2005). However, the FDUTPA claim contains nothing more than statements demonstrating the elements of a FDUTPA claim. No particularized fact of any kind exists in the FDUTPA allegations. Neither the general allegations nor the FDUTPA allegations provide the particularity required by Rule 9(b).

Sunoptic relies on Durham v. Business Management Assoc., 847 F.2d 1505 (11th Cir. 1988) to argue that Rule 9(b) does not "abrogate the concept of notice pleading" and that "[a]llegations of date, time or place" are not the only means to satisfy the Rule 9(b) requirement. 847 F.2d at 1511. However, Durham upholds the principle that Rule 9(b) requires a heightened pleading standard to "alert[ ] defendants to the precise misconduct with which they are charged and protect[ ] defendants against spurious charges of immoral and fraudulent behavior. Id. (internal quotations omitted). In Durham, in lieu of the date, time, or place allegations, the appellees submitted affidavits demonstrating the particular facts required by Rule 9(b). Id. Durham fails to alleviate Sunoptic's pleading obligation for the claims sounding in fraud.

Coherent and Levey also argue to dismiss the fraud claim because the complaint fails to allege facts to support the second element of a fraud claim and that the fraud claim is barred by the economic loss rule. Because the complaint fails to plead a basic fraud claim with particularity, the court will not address whether the complaint sufficiently alleges the second element of fraud or whether the claim as currently stated by the complaint is barred by the economic loss rule.

Sunoptic's mere "formulaic recitation of the elements" of FDUTPA, fraud, and negligent misrepresentation is insufficient to survive even the basic pleading requirements described by Twombly and fail to satisfy the heightened pleading standards required by Rule 9(b). Bell Atlantic Corp. v. Twombly, 550 U.S. ----, 127 S.Ct. 1955 (2007). Accordingly, because the complaint fails to plead with particularity the claims sounding in fraud, the defendants' motions to dismiss count III for violation of FDUTPA, count III for Fraud, and count VI for negligent misrepresentation will be **GRANTED WITHOUT PREJUDICE**.

**Breach of Fiduciary Duty**

Coherent and Levey move to dismiss the claim for breach of fiduciary duty and argue that the complaint fails to state a claim. "The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." Patten v. Winderman, 965 So.2d 1222, 1224 (Fla. App. 2007) (citing Gracey v. Eaker, 837 So.2d 348 (Fla. 2002). Sunoptic asserts sufficient allegations in support of the breach of fiduciary duty claim to survive a motion to dismiss. Specifically, Sunoptic alleges that Levey and Coherent knowingly accepted the trust and confidence that Sunoptic placed on them and that Levey and Coherent breached the duty created by the acceptance of trust and confident to the detriment of

8

Sunoptic. Accordingly, Coherent's and Levey's motions to dismiss the breach of fiduciary duty claim will be **DENIED**.

**Civil Conspiracy**

Coherent, Levey, and Luxtec each move to dismiss the claim for civil conspiracy and argue that the conspiracy claim must fail if the remaining claims, which provide the basis for the underlying civil wrong, fail. To state a claim for civil conspiracy, the plaintiff must demonstrate "(1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy." Pafumi v. Davidson, 2007 WL 1729969 *3 (S.D. Fla. Jun. 14, 2007) (quoting Raimi v. Furlong, 702 So.2d 1272, 1284 (Fla. 3d DCA 1997). An "independent wrong or tort which would constitute a cause of action if the wrong were done by one person" must serve as the basis for the civil conspiracy claim. Id. (citations and internal quotations omitted).

Sunoptic's civil conspiracy claim alleges that Coherent, Levey, and Luxtec conspired to "unlawfully remove and destroy Sunoptic's presence in the marketplace." Presumably, the civil conspiracy claim is based on claim that the defendants violated FDUTPA. As stated above, the complaint fails to sufficiently plead the violation of the FDUTPA, which would serve as the basis for the civil conspiracy claim. Accordingly, the motions to dismiss count V for civil conspiracy will be **GRANTED WITHOUT PREJUDICE**.

### III. Conclusion

For the reasons stated above, Coherent's motion to dismiss (Dkt #11 is **GRANTED WITHOUT PREJUDICE** as to counts II, III, IV, and VI and **DENIED** as to count V. Levey's motion to dismiss (Dkt # 12) is **GRANTED WITHOUT PREJUDICE** as to counts II, III, IV, and VI and **DENIED** as to counts I and V. Luxtec's motion to dismiss (Dkt #19) is **GRANTED WITHOUT PREJUDICE** as to counts II and IV and **DENIED AS MOOT** as to count III. Within eleven days from the date of this Order, Sunoptic may amend the Complaint.

**DONE and ORDERED** in Jacksonville, Florida on this 17th day of March, 2009.

_____
JOHN H. MOORE II
United States District Judge

Copies to: Counsel of Record